United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.F.A.M.,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondents. | Case No. 25-cv-10492-AMO<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

Before the Court is Petitioner A.F.A.M.'s petition for a writ of habeas corpus. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court GRANTS the petition for writ of habeas corpus.

Petitioner is an asylum seeker who was detained at an Immigration and Customs Enforcement ("ICE") check-in on December 3, 2025. Dkt. No. 2-1 at 6. Petitioner filed a petition for a writ of habeas corpus, Dkt. No. 1, and a motion for a temporary restraining order ("TRO"), Dkt. No. 2, on December 6, 2025. The next day, the Court granted Petitioner's motion for a TRO, and ordered Respondents to immediately release Petitioner from Respondents' custody pending full briefing and hearing on the underlying petition and/or a preliminary injunction regarding re-detention. Dkt. No. 4. The Court ordered Respondents to show cause why a preliminary injunction should not issue. *Id.* On December 12, 2025, Respondents filed their response, Dkt. No. 14, and A.F.A.M.'s reply followed on December 17, 2025, Dkt. No. 15. On December 22, 2025, this Court granted the preliminary injunction that enjoined Respondents "from re-detaining A.F.A.M. without notice and a pre-deprivation hearing before an Immigration Judge to evaluate whether his re-detention is warranted based on changed circumstances establishing A.F.A.M. is a flight risk or a danger to the community." Dkt. No. 19 at 9.

On January 30, 2026, Respondents filed a return in response to Petitioner's petition for a writ of habeas corpus. Dkt. No. 22. A.F.A.M. filed a traverse on February 27, 2026. Dkt. No. 23. Respondents' arguments in the return largely track those presented at the preliminary injunction stage – they contend that Petitioner is subject to detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). *See* Dkt. Nos. 22 at 9-11, 14 at 5-7. Because Respondents have not provided the Court with new argument, the Court incorporates its order on Petitioner's preliminary injunction, Dkt. No. 19, here. Respondents additionally urge the Court not to enjoin Respondents from transferring Petitioner outside this district and argues that the Court lacks jurisdiction to enjoining Respondents from removing Petitioner pending these proceedings. The Court does not reach the merits of either of these arguments because they are moot as of this order's issuance.

For the reasons stated in the order on Petitioner's preliminary injunction, the Court ORDERS as follows:

a. The petition for writ of habeas corpus is GRANTED.
b. Respondents are PERMANENTLY ENJOINED AND RESTRAINED from re-detaining A.F.A.M. without notice and a pre-deprivation hearing before an Immigration Judge to evaluate whether his re-detention is warranted based on changed circumstances establishing A.F.A.M. is a flight risk or a danger to the community and that no conditions other than his detention would be sufficient to prevent such harms.
c. The Clerk of the Court SHALL close the case.

Judgment will be entered in favor of Petitioner separately pursuant to Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

Dated: October 16, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**